UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAMELA J.R.,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 3:24-CV-5318-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1  42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further

2  proceedings consistent with this order.

3  **I.      Factual and Procedural History**

4  Plaintiff protectively filed a claim for SSI on March 3, 2021, alleging disability beginning

5  November 15, 2017, due to diabetes; cervical cancer; problems with her back, hip, shoulder, and

6  upper extremities; cervical dystonia; depression; and insomnia. Dkt. 7, Administrative Record

7  ("AR") 47, 168–77. Her application was denied at the initial level and on reconsideration. AR

8  46, 55. She requested a hearing before an ALJ, which took place on May 11, 2023. AR 14–45,

9  102. Plaintiff was represented by counsel at the hearing. *See* AR 14. On June 23, 2023, the ALJ

10  issued an unfavorable decision denying benefits. AR 63–85. The Appeals Council denied

11  Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

12  AR 1–6, 166–67. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

13  **II.     Standard of Review**

14  When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court

15  may set aside the denial of social security benefits if the ALJ's findings are based on legal error

16  or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

17  1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

18  evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

19  conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*,

20  305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability

21  determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v.*

22  *Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III.  Discussion

Plaintiff contends the ALJ failed to properly consider whether her impairments met or equaled a listed impairment at step three of the sequential evaluation, failed to properly evaluate certain medical opinions, and failed to ensure the hearing testimony was properly sworn. Dkt. 9 at 1–2.

#### A.  *Medical Opinion Evidence*

Plaintiff argues the ALJ did not properly evaluate medical opinion evidence from one of Plaintiff's treating physicians, Patrick Hogan, D.O. *Id.* at 9.

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

1    The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Patrick Hogan wrote a letter dated May 3, 2023, in which he described Plaintiff's treatment history. AR 1946. Dr. Hogan wrote Plaintiff had "a history progressing over the past 5 years or more of prominent right rotational involuntary movements and tremor of the character diagnostic of focal cervical dystonia." *Id.* He also noted "marked dystonic deformity of the left hand posture and inversion of her left foot" as well as "dystoni[a] involving her left upper and left lower extremity that impairs the activities in her daily life." *Id.* Dr. Hogan reported Plaintiff was being treated with Botox therapy "but with only partial improvement" and noted a past "adverse reaction to the appropriate trial of Artane." *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

The ALJ addressed this opinion briefly, apparently finding it partially persuasive: "Dr. Hogan's statement at Exhibit 23F is not a function-by-function assessment but is persuasive insofar as the record supports some resistance to treatment; however, as discussed above, the claimant reported some improvement with Botox." AR 77.

Despite the brevity of the ALJ's explanation, Defendant argues the ALJ's rationale was clear from context:

> The ALJ explained that Dr. Hogan's letter was persuasive after discussing supportability and consistency. Regarding supportability, Dr. Hogan supported his statements with a discussion of Plaintiff's condition being resistant to treatment. Regarding consistency, the statements were consistent with the record that showed some improvement with Botox.

Dkt. 11 at 5 (internal citations omitted). However, the ALJ did not discuss the supportability and consistency factors in relation to Dr. Hogan's statement, nor did he give the reasons referenced by Defendant. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout*, 454 F.3d at 1054. "Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225–26 (9th Cir. 2009).

Even though Dr. Hogan's statement did not contain a full function-by-function assessment of Plaintiff's limitations, the ALJ included the statement in his discussion of the medical opinions in the record and should therefore have analyzed it as such. A charitable reading of the ALJ's explanation could infer a finding that Dr. Hogan's opinion that Plaintiff's dystonia was resistant to treatment was consistent with other evidence in the record. But the ALJ

makes no mention, implicit or explicit, of the supportability of Dr. Hogan's opinions, nor does he give any reasoning for not accepting any other portion of Dr. Hogan's letter. This was error.

Defendant next argues any error in the ALJ's consideration of Dr. Hogan's statement was harmless because the ALJ adopted limitations in the RFC consistent with Dr. Hogan's opinion. Dkt. 11 at 5–6. The ALJ found Plaintiff had the RFC to perform light work with certain additional limitations:

> [S]he can lift up to 20 pounds occasionally; lift/carry up to 10 pounds frequently; stand/walk for about 6 hours and sit for up to 6 hours in an 8-hour work day, with normal breaks. She cannot climb ladders, ropes, and scaffolds; she can occasionally reach overhead bilaterally. She can climb ramps/stairs occasionally and occasionally balance, stoop, kneel, crouch; never crawl; and never be exposed to unprotected high places or unguarded moving mechanical parts.

AR 72. However, since the ALJ provides no discussion of Dr. Hogan's opinion that Plaintiff's dystonia "impairs the activities in her daily life," the Court cannot conclude that this RFC incorporates all of Dr. Hogan's opined limitations. Because the RFC may have included additional limitations or the ultimate determination of disability may have changed had the ALJ properly considered Dr. Hogan's opinion, the error was not harmless. Accordingly, reversal is appropriate.

B. *Remaining Arguments*

Plaintiff also contends the ALJ failed to properly consider whether she met or equaled the requirements of the listing for diabetes mellitis at step three and failed to ensure hearing testimony was properly sworn. Dkt. 9 at 1–2. As noted above, the Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and remand for further proceedings is appropriate. On remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec.*

*Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning November 15, 2017. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 4th day of October, 2024.

David W. Christel
United States Magistrate Judge